1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11

Anthony Bailey,

Case No.: 2:13-cv-343-JAD-CWH

12

Plaintiff,

13

v.

14

City Attorney's Office of North Las Vegas, et al.,

**Order Denying Plaintiff's Motion to Strike [Doc. 4]**

15

Defendants.

16

17

18        Defendants removed *pro se* Plaintiff Anthony Bailey's suit to federal court on the

19    basis of federal question jurisdiction, 28 U.S.C. §§ 1331, 1441(a), claiming that Bailey's

20    "artful pleading" of Nevada state tort violations could not avoid the fact that his complaint

21    implicates federal law over which the Court has original jurisdiction.  Doc. 1.  Bailey moved

22    to "strike" the removal, arguing that he, in fact, brings his claims solely under Nevada state

23    law and thus the federal court lacks jurisdiction to hear them.  Doc. 4 at 2.  Having reviewed

24    the complaint and Bailey's motion, the Court treats the motion as one for remand, finds that

25    removal was proper, and denies the motion.  Bailey also asks for leave to amend his

26    complaint to more specifically plead federal civil rights claims.  As he did not submit a

27    proposed draft complaint as required by Local Rule 15-1(a), Bailey's request for leave is

28    denied without prejudice.

**Background**[1]

Bailey's suit stems from alleged prosecutorial misconduct during a 2009 civil rights action he filed in this district captioned *Bailey v. City of Las Vegas, et al.*, 09-cv-2281-KJD-PAL (the "2009 Case").  *See* Doc. 1-1.  Bailey sued the City of North Las Vegas Police Department and others claiming he was unlawfully detained by the police after authorities responded to a 911 call at Bailey's home.  *See* 2009 Case, Doc. 7.  The police moved for summary judgment with the introductory line, "Ex-felon Anthony Bailey brutally raped, sodomized, beat, and threatened to kill his then-girlfriend Crystal Washington with a knife over a period of hours on February 28, 2009."  2009 Case, Doc. 43; Doc. 1-1 at 19.  The motion was signed by Jeffrey F. Barr, with the North Las Vegas City Attorney's Office.  2009 Case, Doc. 43 at 12.  Nicholas G. Vaskov, another attorney in the office, was also named in the signature block.  *Id.*  United States District Judge Roger Hunt granted the police department's motion, and the 2009 Case was ultimately dismissed.  2009 Case, Docs. 43, 64.[2]

On January 7, 2013, Bailey sued Barr, Vaskov, and the North Las Vegas City Attorney's Office in Nevada state court.  Doc. 1-1 at 6.[3]  In several loosely organized claims, he alleges, *inter alia*, that the police department's graphic opening statement was unsupported by evidence and thus was a libelous and defamatory statement designed to gain an inappropriate advantage in the 2009 Case while damaging Bailey's reputation.  *See id.* at 13-15.  Bailey also claims that defendants are liable to him for "malfeasance" in the performance of their official duties: Barr for authoring the opening statements, and Vaskov and the City Attorney's Office for Barr's statements and for failing to properly supervise Barr; violating municipal policy; and lacking "municipal policy or practice that prohibited

---

[1] This background section is derived from Plaintiff's Complaint for general illustrative purposes, and is not intended as any finding of fact.

[2] Judge Hunt also granted another motion for summary judgment in the case, Doc. 44, although that motion is not relevant for purposes of this Order.

[3] Bailey sues Barr and Vaskov "in their individual personal and official capacit[ies]."  Doc. 1-1 at 11.

1   [Barr] from authoring libel statements." *Id.* at 12-15.  Bailey claims that these actions

2   manifested "a deliberate indifference to [his] Constitutional rights," Doc. 1-1 at 7, and he

3   brings his claims under a slew of Nevada state laws and "supplemental jurisdiction Title 18 §

4   241 and 242, 28 § 1367 and 42 § 1985(3)." *Id.* at 14.  He seeks compensatory, expectation,

5   and punitive, and special damages. *Id.* at 15-16.

6           On February 28, 2013, the defendants removed the case to this court.  Doc. 1.  In

7   support of removal, they represent that Bailey's deliberate avoidance of federal civil rights

8   statutes is futile because his complaint "is rife with references to the United States

9   Constitution, federal law, federal case law and the federal rules of evidence in explaining the

10  nature of his claims."  Doc. 1 at 2-3.  For example, Bailey seeks to exercise "his First

11  Amendment (redress of grievance and access to court . . .) of the United States Constitution,"

12  Doc. 1 at 3, and claims that defendants are not entitled to "immunity" in circumstances where

13  "federal law is clearly established."  *Id.*  Bailey also alleges that defendants' failure to train

14  Barr "amounted to deliberate indifference to [his] statutory and Constitutional rights during

15  litigation before a federal court."  *Id.*  Bailey moved to "strike" the defendants' removal on

16  March 7, 2013.  Doc. 4.[4]

                                            **Discussion**

17

18  **A.    Motion to Remand**

19          Bailey's motion to "strike" defendants' removal is properly construed as a motion to

20  remand this case back to state court.[5]  A defendant may remove a case to federal court based

21  on the court's jurisdiction over federal questions because "[t]he district courts shall have

22  original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

23  United States."[6]  A "cause of action arises under federal law only when the plaintiff's well

24

25          [4] Defendants have filed a response, Doc. 8, and Bailey has filed a reply.  Doc. 14.  The Court finds
26  this motion appropriate for disposition without oral argument.  L.R. 78-2.

27          [5] 28 U.S.C. § 1447(c); *see also Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir.
    2003) (acknowledging that courts must construe pro se motions and pleadings liberally).

28          [6] 28 U.S.C. §§ 1331; 1441(a).

1  pleaded complaint raises issues of federal law."[7]  As federal district courts are courts of

2  limited jurisdiction, they "presume[] that a cause lies outside this limited jurisdiction," such

3  that the party asserting federal jurisdiction always bears the burden of proof.[8]  Accordingly,

4  "the defendant always has the burden of establishing that removal is proper."[9]

5       Bailey argues that he did not specifically plead a federal cause of action—just state

6  tort law claims—so there is no federal question in his case that would allow the defendants to

7  remove it to this Court.  Docs. 4 at 1-3; 14 at 4-9.  But the "artful pleading doctrine"

8  recognizes that a plaintiff may not avoid federal jurisdiction by failing to adequately plead

9  necessary federal claims.[10]  "Artful pleading by the plaintiff will not be allowed to conceal

10  the true nature of the complaint,"[11] and to protect against it the court may "delve beyond the

11  face of the state court complaint and find federal jurisdiction by recharacterizing a plaintiff's

12  state law claims as a federal claim."[12]  The Ninth Circuit has recognized the doctrine in two

13  circumstances: (1) where federal law completely preempts state law; or (2) the claim is

14  necessarily federal in character or where where the right to relief depends on the resolution of

15  a substantial, disputed federal question.[13]

16       Because the more common Section 1983 avenue of relief does not completely preempt

17  state law,[14] whether the defendants properly removed this case depends on whether the true

18  subject matter of Bailey's claims is state- or federal-based.  A cause of action "depend[s] on

19  the resolution of a substantial, disputed federal question" when "it appears that some

---

[7] *Metropolitain Life Insurance Co. v. Taylor*, 481 U.S. 58, 63 (1987).

[8] *Kokkonen v. Guardian Life Insurance Co. of Am.*, 511 U.S. 375, 377 (1994).

[9] *Gaus v. Miles, Inc.*, 980 F.2d 564, 568 (9th Cir. 1992).

[10] *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 22 (1983).

[11] *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).

[12] *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033, 1041 (9th Cir. 2003).

[13] *Lippitt*, 340 F.3d at 1041-42; *see ARCO Environmental Remediation, L.L.C. v. Dep't of Health and Environmental Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).

[14] *See 50 By 50 Reo, LLC v. Butler*, 2009 WL 1020836, at *3 n.10 (C.D. Cal. Apr. 14, 2009).

1   substantial, disputed question of federal law is a necessary element of one of the well-

2   pleaded state law claims."[15]   The Court looks to whether the federal issue is "actually

3   disputed and substantial, which a federal forum may entertain without disturbing any

4   congressionally approved balance of federal and state judicial responsibilities."[16]

5       Boiled to its essence, Bailey's claim is that two attorneys working for the City of

6   North Las Vegas should not have called him a "rapist" in a publicly available document.  As

7   "the master of his . . . complaint," Bailey "is free to ignore the federal cause of action and

8   rest the claim solely on a state cause of action,"[17] and he "has the right to proceed with his

9   state law tort claims in state court."[18]  Indeed, trial courts have noted that "[s]imply because

10  Plaintiff alleges a violation of his civil rights does not foreclose the possibility that he is

11  seeking damages for alleged violation of his civil rights under [state] law."[19]

12      But Bailey's Complaint goes beyond a vague statement about "civil rights," which the

13  Court would be obligated to construe in favor of remand.  He explicitly alleges that his cause

14  of action lay under federal statutes prohibiting a conspiracies against "rights,"[20] deprivation

15  of rights under color of law,[21] and conspiracy to interfere with civil rights.  Doc. 1-1 at 14.[22]

16  He also asserts jurisdiction under the First Amendment's redress of grievances provision,

17  which in context must be a reference to the federal Constitution.  *See* Doc. 1-1 at 7.  Bailey's

18  argument that "qualified immunity" based on clearly established "federal law" is unavailable

19  to defendants is even more explicit.  Doc. 1-1 at 7-8.  Bailey believes that defendants' actions

20

21      [15] *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 345 (9th Cir. 1996).

22      [16] *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 314
    (2005).

23      [17] *Garibaldi v. Lucky Food Stores, Inc.*, 726 F.2d 1367, 1370 (9th Cir. 1984).

24      [18] *See Buenaventura v. City of Coatesville*, 1997 WL 164263, at *2 (E.D. Pa. Apr. 2, 1997).

25      [19] *Booker v. Yates*, 2009 WL 111671, at *3 (E.D. Cal. Jan. 13, 2009).

26      [20] 18 U.S.C. § 241.

27      [21] *Id*.

28      [22] 42 U.S.C. § 1985(3).

1   have resulted in a violation of his constitutional rights, although these are not specified. *See*

2   Doc. 1-1. Indeed, Bailey offers to amend his complaint to more explicitly allege federal

3   causes of action if the Court is inclined to remand the case—indicating that he either

4   intended to assert violations of his federally protected rights, or at least acknowledges that

5   they are interchangeable with those causes of action he intended to bring. *See* Doc. 4 at 4.

6   42 U.S.C. § 1983 covers actions by persons who "under color of any statute, ordinance,

7   regulation, custom, or usage, or any State . . . subjects, or causes to be subjected, any citizen

8   of the United States . . . . the deprivation of any rights, privileges, or immunities secured by

9   the Constitution and laws, shall be liable to the party injured."[23]   There is more than enough

10  in Bailey's Complaint, however (in)artfully pled, to indicate that he sought to bring a claim

11  within this Court's original, federal jurisdiction.

12      Bailey has explicitly provided the Court with grounds for federal jurisdiction.

13  Accordingly, defendants' removal was proper, and the motion to remand or strike the

14  removal is denied.

15  **B.      Motion for Leave to Amend**

16      Bailey offers the alternative argument that if his motion is denied, he must be granted

17  leave to amend his complaint to bring causes of action under 42 U.S.C. § 1983. Doc. 4 at 3-

18  4. Defendants do not object to this request. *See* Doc. 8. Under Fed. R. Civ. Proc. 15(a), a

19  plaintiff may amend his or her complaint once as a matter of course within 21 days after

20  service of a responsive pleading.[24]   Because defendants answered the complaint on March

21  18, 2013, Bailey may not amend his complaint as a matter of right. After the time for

22  amendment as a matter of right has elapsed, leave to amend should be freely granted when

23  justice so requires.[25]

24      Bailey's request to amend is unopposed, and Local Rule 7-2(d) states, "[t]he failure of

25

26      [23] 42 U.S.C. § 1983.

27      [24] Fed. R. Civ. Proc. 15(a)(1)(B).

28      [25] Fed. R. Civ. Proc. 15(a)(2); *Forman v. Davis*, 371 U.S. 178, 182 (1962).

an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."[26] But Local Rule 15-1(a) states that, "[u]nless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading.  An amended pleading shall include copies of all exhibits referred to in the pleading."[27]  Bailey did not submit a proposed amended complaint as required by the rules of this Court.  Therefore, his motion for leave to amend is denied without prejudice. Bailey remains free to file a timely motion for leave to amend that complies with this District's local rules.

### Conclusion

It is **THEREFORE ORDERED** that Bailey's Motion to Strike [Doc. 4] is **DENIED.**

It is **FURTHER ORDERED** that Bailey's request for leave to amend his complaint is **DENIED WITHOUT PREJUDICE.**

DATED: March 28, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[26] L.R. 7-2(d).

[27] L.R. 15-1(a).