**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTHONY BAILEY,                                    )
                                                   )
                              Plaintiff,           )        Case No.  2:13-cv-00343-JAD-CWH
                                                   )
vs.                                                )        **ORDER**
                                                   )
CITY ATTORNEY'S OFFICE OF                          )
NORTH LAS VEGAS, *et al.*,                         )
                                                   )
                              Defendants.          )
_____   )

　　　　This matter is before the Court on Plaintiff's Motion to Compel (#23), filed July 18, 2014,

and Defendants' Response (#24), filed August 4, 2014.

**BACKGROUND**

　　　　The parties and Court are familiar with the factual and legal background of the case.  As

noted in the Court's prior order (#20), the suit stems from alleged prosecutorial misconduct during

a 2009 civil rights action filed in this district captioned *Bailey v. City of Las Vegas, et al.*, 2:09-cv-

02281-KJD-PAL ("2009 Case").  In the 2009 case, the defendants moved for summary judgment

with the introductory line, "Ex-felon Anthony Bailey brutally raped, sodomized, beat, and

threatened to kill his then-girlfriend Crystal Washington with a knife over a period of hours on

February 28, 2009."  2009 Case, Doc. (#43).  The motion was signed by attorney Jeffrey Barr of the

North Las Vegas City Attorney's Office.[1]  As noted by the Court, "[b]oiled to its essence,

[Plaintiff's] claim is that two attorneys working for the City of North Las Vegas should not have

called him a 'rapist' in a publicly available document."  *See* Order (#20) at 5:5-6.  In so doing,

Plaintiff asserts that his constitutional rights were violated.

_____

[1]  The motion was granted and the 2009 case, ultimately, dismissed.  *See* 2009 Case, Doc. (#64).

On May 6, 2014, the Court entered a discovery plan and scheduling order establishing several deadlines.  The discovery cutoff deadline was established as August 4, 2014.  Discovery motions were due on or before July 25, 2014.  Dispositive motions were due September 3, 2014.  Each of these deadlines has passed without any party requesting an extension.  The current discovery motion was filed in a timely manner, on July 18, 2014.

The motion currently under consideration is not entirely clear, though it appears Plaintiff is seeking an order compelling discovery responses and for sanctions.  Plaintiff states that he would like the Court to "entertain and impose monetary sanctions" against Defendants "for purposefully withholding discovery materials to maintain a tactical advantage during the summary judgment phase of the litigation."  *See* Pl.'s Mot. (#23).  Plaintiff indicates that the motion is made and based on "Rule 37.7 of the [Federal Rules of Civil Procedure] and spoliation."  *Id*.  Plaintiff indicates that Defendants "not once provided adequate responses to admissions, interrogatories and[/]or requests for documents" in an effort to "conceal" discoverable material.  *Id*.  It appears Plaintiff sent a letter to defense counsel giving notice of "an intent to sue" should discovery responses not be provided.  *See* Exhibit 2 attached to Pl.'s Mot. (#23).  Plaintiff represents in the motion that "Defendants have failed to comply with Rule 33, 34, [and] 36 of the [Federal Rules of Civil Procedure]."  Plaintiff also cites Fed. R. Civ. P. 37(b) and 37(d) in support of his request that the Court impose "serious sanctions" for "purposefully withholding and[/]or destroying" discoverable materials.

Defendants oppose the request, arguing that the request for sanctions is unsupported by any controlling legal authority and the authority cited is either inapplicable or non-existent.  Defendants note that discovery responses were made in a manner consistent with the Federal Rules.  They ask the Court to deny the motion as it is based upon unfounded assertions without basis in the law or rules.

## DISCUSSION

Plaintiff's motion is scattered, but appears to reference several rules in support of the requested relief.  Plaintiff appears to request an award of sanctions pursuant to Fed. R. Civ. P. 37(b).  The request fails because Defendant has not "fail[ed] to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a)."  *See* Fed. R. Civ. P. 37(b)(2)(A).

Plaintiff appears to believe that the discovery plan and scheduling order issued by the Court was an order to provide or permit specific discovery. It was not. It was an order setting the deadlines to complete discovery, nothing more.

Plaintiff also appears to request sanctions under Rule 37(d). Rule 37(d) permits sanctions in the event a party properly served with Rule 33 or Rule 34 requests "fails to serve its answers, objections, or written response." *See* Fed. R. Civ. P. 37(d)(1)((A)(ii). As is clear from the exhibits attached to Plaintiff's motion, Defendants did serve answers, objections, and written responses to the propounded discovery. Tellingly, the letter sent by Plaintiff to defense counsel was mailed on July 1, 2014. The letter demands responses to several discovery requests within five days receipt of the letter. Absent responses within the five-day window offered, Plaintiff indicated his "intent to sue" and seek sanctions.

The discovery responses attached by Plaintiff to his motion demonstrate that his demands were met. The certificate of service attached to Defendant Barr's discovery responses indicates that the responses were mailed to Plaintiff on June 30, 2014. The responses were served in accord with Fed. R. Civ. P. 5(b)(2)(C), which permits service by mailing. The rules further provide that "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) ... 3 days are added after the period would otherwise expire . . . .". Fed. R. Civ. P. 6(d). Thus, the responses served by Defendant Barr were timely served under the additional time offered by Plaintiff. Additionally, the responses served by Defendant North Las Vegas City Attorney's Office were also timely as measured by the applicable rules against the additional time provided by Plaintiff. Adding three days under mailing rule of Rule 6(d), the time period for sending responses would not have expired until July 9, 2014. The responses were mailed on July 8, 2014. There is no indication that the responses were not received in a timely manner under the additional time offered by Plaintiff and, therefore, there was no violation of Rule 37(d).

Consequently, the only potential avenue for relief is to construe Plaintiff's motion as one to

compel under Fed. R. Civ. P. 37(a).[2]  The Court recognizes that Plaintiff is proceeding *pro se*. Nevertheless, this particular plaintiff is a prodigious litigator, as measured by volume, and is certainly no stranger to the Court, the Court's rules, or the Federal Rules of Civil Procedure. Plaintiff is aware that, although proceeding *pro se*, he is not relieved from complying with all applicable rules.  Courts broadly construe pleadings filed by *pro se* litigants, but even *pro se* litigants must comply with the Federal Rules of Civil Procedure.  *See e.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  *Pro* se litigants are not treated more favorably than parties with attorneys of record and are expected to abide by the rules of the court in which the litigation proceeds. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

Even broadly construed under Fed. R. Civ P. 37(a), the motion fails because it is procedurally and substantively flawed.  A party seeking to compel disclosures or discovery must certify that he "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *See* Fed. R. Civ. P. 37(a)(1).  Further, the Court's Local Rules require a moving party to make a good faith effort to "personally consult" with the person or party failing to make a disclosure or discovery prior to bringing any discovery motion.  *See* Local Rule 26-7(b).  Both the obligation to "meet and confer" under Rule 37 and "personally consult" under Local Rule 26-7(b) serve important purposes. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discover disputes."  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought."  *Id*.  In order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes."  *Id*.

Plaintiff is incarcerated, which necessarily limits the potential formats for accomplishing

---

[2]  The Court acknowledges that Plaintiff did not cite or reference Rule 37(a) in his moving papers.  He did reference Rule 37.7.  There is no Federal Rule 37.7.  As Plaintiff is proceeding *pro se*, the Court will construe the request under Rule 37.7 as one made under Fed. R. Civ. P. 37(a).

the pre-filing consultation obligation.  It does not, however, eliminate the requirement that the consultation obligation be satisfied.  In the normal course, the Court would expect the parties to confer either in person or telephonically prior to the motion being filed.  It has long been true that, absent compelling circumstances, the mere exchange of letters is insufficient to satisfy the consultation requirement.  *See Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989).  An incarcerated litigant presents a compelling circumstance wherein the Court permits the meet and confer to be conducted through written correspondence.  Generally speaking, it is not feasible to require in-person meetings or telephonic conferences between incarcerated litigants and opposing parties.

Nevertheless, the requirement that the written correspondence satisfy the purpose of the obligations is not alleviated, lessened, or otherwise removed.  The written correspondence must be sufficient to "promote a frank exchange . . . to resolve issues by agreement or to at least narrow or focus matters in controversy before judicial resolution."  *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).  The sending of letters by incarcerated individuals is not an end around the consultation requirements.  Accordingly, the Court reviews the correspondence with a critical eye to ensure the consultation requirements are not reduced to merely formal prerequisites to judicial review.  The obligation remains that the consultation is an informal negotiation process designed to resolve, refine, or narrow disputes prior to presenting them to the Court via motion.  That obligation has not been met here.

There is no indication that Plaintiff made any attempt to properly consult under the aforementioned rules prior to filing this motion.  The only correspondence attached to Plaintiff's motion is the written correspondence sent to opposing counsel in this matter <u>prior</u> to his receipt of the discovery responses.  The correspondence contains nothing of substance designed to identify, resolve, narrow, or otherwise address a legitimate discovery dispute.  It is a vague, generalized, conclusory statement demanding responses.  It is not correspondence designed, or even intended, to identify or resolve a legitimate dispute stemming from actual discovery responses.  Consequently, the Court finds that Plaintiff did not satisfy the pre-filing consultation requirements of either Rule 37(a)(1) or Local Rule 26-7(b).  As a result, the motion will be denied.

The Court declines to address the overall substance of the responses provided by

5

Defendants, but does note that Plaintiff appears to have deliberately misrepresented the nature and tenor of those responses. Plaintiff states in his motion that Defendants "not once provided adequate responses to admission, interrogatories and[/]or request for documents." This statement is categorically false as even a cursory review of the responses attached to the motion shows that, at minimum, several requests had very detailed responses. Rather than comply with the rules and confer with opposing counsel on the allegedly deficient responses, Plaintiff simply dumped all of the responses on the Court with the generalized statement that they were all deficient. The Court will not entertain such a motion as it essentially is a request for the Court to go through the responses and craft arguments on Plaintiff's behalf. This is not what is contemplated or required by the applicable rules.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (#23) is **denied**.

DATED: November 10, 2014.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**