UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Anthony Bailey,

    Plaintiff,

v.

City Attorney's Office of North Las Vegas, et al.,

    Defendants.

Case No.: 2:13-cv-343-JAD-CWH

**Order Granting Defendants' Motion for Summary Judgment**
[Doc. 26]

    Anthony Bailey claims he was defamed by a North Las Vegas City Attorney who falsely wrote in a 2011 motion for summary judgment[1] that Bailey "brutally raped, sodomized, beat, and threatened to kill his" former girlfriend.[2]  Bailey sues Deputy City Attorney Jeffrey Barr for defamation and deliberate indifference to his constitutional rights.  He also sues the City of North Las Vegas and its then-acting City Attorney Nicholas Vaskov for failing to properly train and supervise Barr and his subordinates, thus permitting Barr to "blacken" Bailey's reputation "before a federal court."[3]

    All of Bailey's claims are barred by Nevada's absolute privilege for statements made during litigation.  Even if the privilege did not shield the defendants from Bailey's deliberate-indifference claims, defendants are entitled to summary judgment on these claims for the separate reason that Bailey has not been deprived of any constitutional right.  Accordingly, I grant the defendants' motion for summary judgment,[4] enter judgment in defendants' favor on all of Bailey's claims, and instruct the Clerk of Court to close this case.

---

[1] *Bailey v. City of Las Vegas, et al.*, 2:09-cv-2281-KJD-PAL ("2009 Case"), Doc. 43 at 2.

[2] Docs. 1-1, 26 at 2.

[3] Doc. 1-1 at 10.

[4] Doc. 26. Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Doc. 28. He responded to the motion for summary judgment. Doc. 30.

Page 1 of 9

**Undisputed Facts**

This is not Bailey's first civil-rights lawsuit. In 2009, Bailey sued a handful of law enforcement officers and municipal entities, including the City of North Las Vegas, for events surrounding his arrest and detention after North Las Vegas officers responded to a 911 call reporting that Bailey had raped and attempted to kill his girlfriend.[5] The City and its named officers were defended by Deputy City Attorney Jeffrey Barr and acting City Attorney Nicholas Vaskov.[6] Barr signed the motion for summary judgment on behalf of the City defendants.[7] The opening line of that motion read: "Ex-felon Anthony Bailey brutally raped, sodomized, beat, and threatened to kill his then-girlfriend . . . with a knife over a period of hours on February 28, 2009."[8]

By the time United States District Judge Kent Dawson considered the motion, Bailey had voluntarily dismissed his claims against the City and all but one of its officers.[9] Dawson found that Bailey's claims against the last North Las Vegas officer were barred by res judicata and granted the motion,[10] judgment was entered in favor of the City defendants,[11] all post-judgment motions were denied, and the Ninth Circuit dismissed Bailey's appeals as "so insubstantial as to not warrant further review."[12]

Bailed filed this suit against Barr, Vaskov, and the North Las Vegas City Attorney's Office in Nevada state court in January 2013, and the defendants removed it to this court.[13] In two loosely organized causes of action, he alleges that Barr's graphic opener was false, defamatory, and designed

---

[5] Doc. 26-4 at 2–3; *see supra* note 1.

[6] *See* 2009 Case Doc. 21.

[7] 2009 Case Doc. 43; Doc. 1-1 at 19.

[8] *Id.*

[9] Doc. 26-4 at 4, 5.

[10] Doc. 26-4 at 5–8, 10.

[11] 2009 Case Doc. 65.

[12] 2009 Case Docs. 75, 86. The court also takes judicial notice of the docket in the 2009 Case, which establishes this history.

[13] Docs. 1, 1-1 at 6.

to gain an inappropriate litigation advantage by besmirching Bailey's reputation.[14] He sues Barr for defamation and acting with a deliberate indifference to his rights, and he seeks to hold Vaskov and the City vicariously liable for Barr's statements.[15]

In short, the theory of Bailey's case is that Barr should not have called him a rapist in a federal-court motion because Bailey was merely alleged to have engaged in that conduct. Bailey was ultimately convicted of sexual assault for the conduct described in the City's summary-judgment motion after a 2014 jury trial.[16]

## Discussion

Summary judgment is appropriate when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[17] The court views all facts and draws all inferences in the light most favorable to the nonmoving party.[18] When the movant carries its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts,"[19] he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[20]

Defendants offer three arguments for summary judgment.[21] They first contend that Nevada's litigation privilege shields them from liability for Barr's overstated introduction because it was published in the course of litigation and, thus, all claims flowing from this privileged communication are barred as a matter of law. Alternatively, they argue that Bailey cannot maintain his deliberate-

---

[14] Doc. 1-1 at 13–15.

[15] *Id.* at 8– 15.

[16] Doc. 26-1 at 18–36 (criminal docket sheet); Doc 26 at 1.

[17] Fed. R. Civ. Proc. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986)

[18] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[19] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).

[20] *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[21] Doc. 26.

indifference claims because he was deprived of no constitutional right and, regardless, the defendants enjoy qualified immunity from that claim. Finally, they argue that Bailey's defamation claim fails because Barr's statement was supported by evidence in Bailey's criminal prosecution.

Bailey offers no response to the defendants' litigation-privilege argument. He mainly disputes the state of the evidence supporting the sexual assault allegations.[22] He also suggests that cloaking the defendants with immunity would be unjust because Barr acted intentionally. Finally, he denies that his claim is based on any constitutional violation: it is based on the defendants' conscious disregard of his "state statutory right to carry out business in the federal court (a property right) without libel statements being made against him" and right of "access to the court."[23]

I conclude that all of Bailey's claims are barred by Nevada's litigation privilege and enter summary judgment in defendants' favor for that reason. I write further to explain that summary judgment would be warranted on Bailey's deliberate-indifference claims for the additional reason that there is no evidence of a constitutional violation here. Because I grant summary judgment on these bases, I decline to reach the defendants' other arguments.

### A.  Bailey's claims are barred because they all arise from a privileged communication made during the course of litigation.

As the Nevada Supreme Court explained last year in *Greenberg Traurig v. Frias Holding Co.*, "The litigation privilege immunizes from civil liability communicative acts occurring in the course of judicial proceedings, even if those acts would otherwise be tortious."[24] Nevada's recognition of this principle stems from "'the long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged,' rendering those who made the communications immune from civil liability."[25] The privilege is "absolute: it 'precludes liability even where the defamatory statements are published with knowledge of their

---

[22] Doc. 30 at 17.

[23] *Id.* at 15.

[24] *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 902 (Nev. 2014).

[25] *Id.* (quoting *Fink v. Oshins*, 49 P.3d 640, 643 (Nev. 2002)).

falsity and personal ill will toward the plaintiff."[26]  "The policy behind the litigation privilege, as it applies to attorneys participating in judicial proceedings, is to grant them as officers of the court the utmost freedom in their efforts to obtain justice for their clients."[27]  "The scope of the absolute privilege is quite broad.  The defamatory communication . . . need [only] be 'in some way pertinent to the subject of controversy.'"[28]

### 1.   *The litigation privilege bars Bailey's defamation, slander, and libel claims.*

Defendants are clearly entitled to summary judgment in their favor on Bailey's defamation claims.  It is well established that Nevada's litigation privilege "acts as a complete bar to defamation claims based on privileged statements."[29]  The statement on which Bailey's case is premised was made by Barr in a summary-judgment motion filed in the federal court during an active civil litigation matter.  It is therefore squarely within the scope of communications traditionally protected by this privilege.  The statement was pertinent because the alleged conduct it recites formed the basis for the arrest and detention that Bailey was challenging in that litigation.  Thus, Bailey's claims for defamation, slander, or libel are precluded as a matter of Nevada law.  The defendants are entitled to summary judgment in their favor on these claims.

### 2.   *Bailey's remaining claims are also barred by this absolute privilege.*

The litigation privilege also bars Bailey's remaining claims.  Although the "privilege originally developed to protect lawyers against defamation claims," "courts have expanded it to bar most other civil claims against lawyers based on allegedly defamatory statements related to judicial proceedings."[30]  In 2009, in *Crockett & Myers v. Napier, Fitzgerald & Kirby*, the Ninth Circuit considered whether Nevada's litigation privilege would bar claims for breach of fiduciary duty and

---

[26] *Fink*, 49 P.3d at 643 (quoting *Circus-Circus Hotels v. Witherspoon*, 657 P.2d 101, 104 (Nev. 1983)).

[27] *Id.* (quoting *Fink*, 49 P.3d at 643) (internal quotations omitted).

[28] *Fink*, 49 P.3d at 644 (quoting *Witherspoon*, 657 P.2d at 104).

[29] *Jacobs v. Adelson*, 325 P.3d 1282, 1285 (Nev. 2014).

[30] Douglas R. Richmond, *The Lawyer's Litigation Privilege*, 31 Am. J. Trial Advoc. 281, 291 (2007).

the implied covenant of good faith and fair dealing based on counsel's litigation advice. Because Nevada had "never applied the privilege to bar these types of claims," the panel used its "best judgment to predict" that "the Nevada courts would apply the privilege to the communication at issue" and affirmed the district court's privilege-based dismissal of all claims.[31]

Whether the Nevada courts would extend the privilege beyond the defamation context is no longer a mystery. In a 2012 unpublished disposition in *Bullivant Houser Bailey PC v. Eighth Judicial Dist. Court*, the Nevada Supreme Court validated the Ninth Circuit panel's prediction in *Crockett & Myers*.[32] The court rejected the notion that the privilege shields a lawyer from defamation claims only, and it held broadly that "all claims based" on communications protected by the absolute litigation privilege are barred as a matter of law.[33] The court issued a writ of mandamus instructing the district court to dismiss claims for abuse of process, slander of title, and intentional interference with contract and prospective economic advantage "on [the] basis that [they are] barred by the absolute litigation privilege."[34] And in May 2015, the Court of Appeals of Nevada affirmed (in an unpublished order) the dismissal of claims for slander of title, abuse of process, and civil conspiracy based on allegedly false statements in a notice of lis pendens, concluding they were barred by Nevada's absolute litigation privilege.[35]

All of the other claims against Barr, Vaskov, and the City stem from Barr's allegedly libelous summary-judgment statement. Bailey alleges that Vaskov and the City are liable because "Vaskov

---

[31] *Crockett & Myers v. Napier, Fitzgerald & Kirby*, 583 F.3d 1232, 1237 (9th Cir. 2009).

[32] *Bullivant Houser Bailey PC v. Eighth Judicial Dist. Court*, 2012 WL 1117467, slip op. (Nev. March 30, 2012).

[33] *Id.* at *3.

[34] *Id.* at *4.

[35] *Blaurock v. Mattice Law Offices*, 2015 WL 3540903, slip op. at *1 (D. Nev., May 27, 2015). This extension is consistent with the modern trend. *See* Richmond, *supra* note 30 at 296–97 (collecting cases and summarizing that "courts have extended the litigation privilege to other theories based on the same conduct" including negligence, legal malpractice, civil conspiracy, tortious interference with business relationships, tortious interference with contracts, tortious interference with prospective economic advantage, injurious falsehoods, intentional infliction of emotional distress, negligent infliction of emotional distress, invasion of privacy, false light, invasion of privacy, deceit, and racketeering).

upheld . . . Barr making [a] libel statement" and Vaskov was "acting as the administrative head of the City Attorneys Office, responsible for allocating the office finite resources, after having blacken[ed] the reputation of [p]laintiff before a federal court."[36] He further alleges that the City "failed to train" Barr and "the failure amounted to deliberate indifference to [Bailey's] statutory and constitutional rights during litigation before a federal court."[37] Bailey makes various other references to the defendants' "malfeasance," "deny[ing]" his complaint against Barr or "cover[ing] up" Barr's "deliberate indifference conduct," and placing Bailey in a "false light."[38]

Whatever the nature of these claims, each is based on the same source allegation: Barr "authored a motion for summary judgment[] that claimed plaintiff 'brutally raped, sodomized, beat and threatened to kill [his] girlfriend with a knife . . .' without presenting any evidence of material fact[] that would satisfy [ ] Federal Rule 807 of Evidence; Advisory Committee, to blacken the integrity of [his] reputation[] in order[] to [ ] gain a favorable ruling on his motion for summary judgment."[39] Because Barr's communication was protected by the absolute litigation privilege, that protection also bars all of these claims as a matter of law. Defendants are entitled to summary judgment on all of Bailey's claims.

**B.  The evidence does not support any deliberate-indifference claim.**

Even if Bailey's deliberate-indifference claims were not barred by Nevada's absolute litigation privilege, summary judgment is still warranted on these claims because Bailey has not established that his constitutional rights were violated. The threshold inquiry for each of Bailey's deliberate-indifference theories is whether he was deprived of a constitutional right or the City acted with deliberate indifference to his constitutional rights.[40] Bailey does not contend he suffered any

---

[36] Doc. 1-1 at 9–10.

[37] *Id.* at 9.

[38] *See generally* Doc. 1-1.

[39] Doc. 1-1 at 11.

[40] *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (municipal employee liability for own acts); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989) (municipal liability for failure to train); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor liability for subordinate).

constitutional injury. Indeed, he expressly disclaims any: he stresses in his opposition that his claims are based on "state <u>tort</u>" law and the defendants' "conscious disregard for [his] state statutory rights . . . and access to the court."[41]

To the extent that Bailey's claim could be interpreted as one alleging a deprivation of his right to access to the courts, the evidence does not support it. Prisoners enjoy a First and Fourteenth Amendment right of access to the courts,[42] which guarantees "the opportunity to prepare, serve and file whatever pleadings or other documents are necessary or appropriate in order to commence or prosecute court proceedings affecting one's personal liberty."[43] To state a claim for denial of access to the courts, a prisoner must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit.[44]

Bailey's claim falters at the first hurdle because his claim against the lone remaining City defendant—Officer Molnar—was legally invalid. As Judge Dawson explained when granting summary judgment on Bailey's claims against Officer Molnar, Bailey's claims were barred by res judicata:

> Plaintiff's claim against Defendant Molnar is barred by *res judicata*. Both this case and [an earlier case Bailey brought] before Judge Pro [and in which Judge Pro granted motions for judgment on the pleadings and for summary judgment] are based on similar claims about Plaintiff's arrest and detention on February 28, 2009. Both complaints concern the actions of the officers in ordering Plaintiff to leave the bedroom while unclothed, taking him into custody and detaining him. The claims asserted here could have been asserted against Defendant Molnar in the prior action. This satisfies the identity of claims requirement . . . .
>
> Judge Pro's granting of the Motion for Judgment on the Pleadings and the Motion for Summary Judgment operated as final judgements on the merits in that case. Finally, the other officers named in the suit before Judge Pro (and originally named here) represent 'precisely the

---

[41] Doc. 30 at 15 (emphasis original).

[42] *Lewis v. Casey*, 518 U.S. 343, 346 (1996).

[43] *Id.* at 384 (quoting *Hatfield v. Bailleaux*, 290 F.2d 632, 637 (9th Cir. 1961)).

[44] *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413–414 (2002), *overruled on other grounds, Hust v. Phillips*, 555 U.S. 1150 (2009)).

same right in respect to the subject matter involved" in this case. Plaintiff has not provided a meaningful response to Defendant Molnar's res judicata argument. Accordingly, summary judgment is granted in favor of Defendant Molnar on the basis of *res judicata*.[45]

Although Bailey appealed, the Ninth Circuit dismissed his challenge as "so insubstantial as to not warrant further review."[46]

Bailey also cannot establish the second prong of an access-to-the-courts claim. There is simply no evidence that Judge Dawson's decision to grant the summary-judgment motion was influenced in any way by Barr's statement. Judge Dawson's ruling was based on a purely legal principle, not on any assessment of Bailey's character. He never referred to Bailey as a rapist in the order; he recounted instead that Bailey "was arrested on February 28, 2009, when police officers responded to a 911 call *reporting* that [p]laintiff raped and attempted to kill his girlfriend."[47] Judge Dawson clearly understood the allegations of rape and attempted murder for what they were: allegations. Bailey's contention that Barr's statements influenced Judge Dawson's ruling is precisely the sort of "metaphysical doubt" that cannot defeat summary judgment. Accordingly, even if I were not granting summary judgment on all claims based on the absolute litigation privilege, I would still enter summary judgment on Bailey's deliberate-indifference claims for the separate reason that the evidence does not show that Bailey was deprived of any constitutional right.

## Conclusion

Accordingly, it is HEREBY ORDERED that Defendants' Motion for Summary Judgment **[Doc. 26] is GRANTED.** The Clerk of Court is instructed to enter judgment in favor of the defendants and against the plaintiff on all claims and close this case.

DATED: July 23, 2015

Jennifer A. Dorsey
United States District Judge

---

[45] *Id*. at 5–6. Judge Dawson further explained that summary judgment was also warranted for the independent reasons that Officer Molnar's actions did not violate Bailey's constitutional rights and Molnar is entitled to qualified immunity. *Id*. at 7–8.

[46] 2009 Case Docs. 75, 86.

[47] Doc. 26-4 at 2 (emphasis added).